IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEITH LIONEL LEE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. RWT-13-1341 |
| DEPARTMENT OF PUBLIC SAFTY AND CORRECTIONAL SERVICES, | * |
| Defendant. | * |

## MEMORANDUM OPINION

The Defendant, the Maryland Department of Public Safety and Correctional Services ("DPSCS"), has filed a Motion to Dismiss Keith Lionel Lee's ("Lee") Complaint. Lee has filed an opposition to the DPSCS motion, and DPSCS has filed a reply. For the reasons that follow, DPSCS's Motion to Dismiss will be granted without prejudice to Lee filing an Amended Complaint in accordance with this Opinion.

### Factual and Procedural Background

Lee is presently registered as a Tier III sex offender on the Maryland Sex Offender Registry ("Registry") based on his conviction in California in 1996 for sexual battery. Maryland law requires an individual who resides in Maryland to register as a Tier III sex offender if that individual has committed a crime in another jurisdiction that, "if committed in [Maryland], would constitute" one of the enumerated offenses listed in § 11-701(q)(1)-(3) of the Criminal Procedure Article ("CP") of the Annotated Code of Maryland. *See* CP § 11-701(q)(5); *see also* CP § 11-702.1 ("Retroactive Application of subtitle"). The Registry is maintained by DPSCS. *See* CP § 11-713.

While incarcerated in California, Lee filed paperwork to transfer his parole to Maryland. ECF No. 11 at 1-2. On July 18, 2000, Lee registered as a sex offender in the Maryland registry and

continued to do so for ten years. ECF No. 11 at 2; ECF No. 1 at 2. The registration form, provided by the Prince George's County Police Department, read in relevant part: "You must register by mail every year with the Department of Public Safety/Correctional Services for 10 years." ECF No. 1-3. On this basis, Lee asserts that his registration time completed on July 18, 2010, ten years after he first registered. ECF No. 1 at 2. Lee states his "registration was up nearly three (3) months before [an] October 1, 2010 law came." ECF No. 1 at 2. Lee does not identify this "new law" at issue, but cites generally to Exhibit E of his Complaint, which includes a number of documents referencing Chapter 175 of the 2010 Acts of the Maryland General Assembly. *See* ECF No. 1-5. In his opposition, Lee states that "[t]he State of Maryland and Prince George's County Police Department, subsequently and arbitrarily made [him] a Tier III Registrant" and "are forcing [him] to continue to [r]egister without another conviction [and] without due process of law." ECF No. 11 at 2-3. Lee's Complaint seeks damages and injunctive relief to end his registration requirement and to delete his name and likeness from the Registry. ECF No. 1 at 3.

DPSCS, a department of Maryland State government,[1] moved to dismiss the claims against it based on Eleventh Amendment immunity and lack of subject matter jurisdiction. ECF No. 9. Lee responded by requesting leave to amend the Complaint to add: 1) the Secretary of the DPSCS, "the person liable in this civil action" as a Defendant, and 2) a Fourteenth Amendment claim that he has been forced to "continue to [r]egister without another conviction, hence, without due process of law" over the past three years. ECF No. 11 at 2-3.

## Discussion

DPSCS moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). "It is well established that before a federal court can decide the merits of a claim, the

---

[1] *See* Md. Code Ann., Corr. Servs. §§ 2-101, 3-201.

claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Moreover, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, (2010). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal citation and quotation marks omitted). The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal citation omitted). *Twombly* set forth "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal citations and quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (internal citation and quotation marks omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

"A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to relief. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 132 S.Ct. 1960 (2012). Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief that is plausible on its face.'" *Brockington v. Boykins*, 637 F.3d 503, 505–06 (4th Cir. 2011) (internal citation omitted). This Court is mindful that Lee is a pro se plaintiff and his Complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, nowhere does the Plaintiff identify the federal cause of action he is bringing. The Complaint fails to cite a federal cause of action, and the cover sheet of Plaintiff's Complaint cites "Excessive Punishment, Excessive Restriction of Liberty etc." under the section where he is asked to list the "U.S. Civil Statute under which [he is] filing." ECF No. 1, 1-6. Although his opposition asserts that the Plaintiff's "Fourteenth Amendment Constitutional Right[s] [have] been violated" because he is being forced to continue to register "without due process of law," even then he does not specify under what statute he brings this lawsuit.

4

Thus, this Court will grant DPSCS's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because Lee has failed to invoke a federal cause of action and "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Lee will, however, be granted leave to file an Amended Complaint that properly asserts a federal cause of action under a federal statute. The Court need not address DPSCS's Eleventh Amendment arguments at this stage, although Lee is cautioned that should he name an individual Defendant in his Amended Complaint in an effort to seek "prospective injunctive relief against state officials acting in violation of federal law," *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)), the state "officer must have some connection with the enforcement of the act, or else [he would be] merely making him a party as a representative of the state, and thereby attempting to make the state a party," *Ex parte Young*, 209 U.S. at 157. To be barred from the Eleventh Amendment's immunity, there must be a "special relation between the state officer sued and the challenged statute." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (internal quotation marks omitted) (citing *Ex parte Young*, 209 U.S. at 157). The requirement of "*proximity to* and *responsibility for* the challenged state action," *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008) (emphasis in original), is not met when an official merely possesses "[g]eneral authority to enforce the laws of the state," *id*. (internal citation and quotation marks omitted). The special-relation requirement protects a state's Eleventh Amendment immunity while, at the same time, ensuring that, in the event a plaintiff sues a state official in his individual capacity to enjoin an unconstitutional action, "[any] federal injunction will be effective with respect to the underlying claim." *Id*.

Should Lee re-file his claims in an Amended Complaint, he must make clear the basis for his action. First, Lee must identify specifically what Maryland law he is challenging and state the names of the individuals who are seeking to enforce the Maryland statute against him. Second, Lee must

particularize his federal cause of action and, if appropriate, the constitutional provisions implicated in his case.[2] Third, Lee must specify whether he is challenging the state law on its face or its application to him, whether the state law on its face or as applied to him violates the United States Constitution or federal law, the basis for any allegation of a violation of his right to due process, and any other cause of action he wishes to raise. Fourth, Lee must assert what injury he has suffered as a result of the actions alleged and the relief he seeks from the Court.[3]

If Lee files an Amended Complaint with sufficient information for it to proceed, the Court will expect the State's response to address each of Lee's claims. The Court is troubled by DPSCS's failure to address what "new law" cited by Lee is at issue here. DPSCS does not explain why the Prince George's County Police form filed by Lee directed him to register for ten years, or address the allegation that Lee was "forced" to register anew three months after the ten-year period ended. DPSCS also fails to address what state process, if any, is available to Lee to dispute the registration requirements.

---

[2] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] To the extent Lee is seeking mandamus relief under 28 U.S.C. § 1361, federal courts do not have mandamus jurisdiction to compel action by State of Maryland and its officials. *See* 28 U.S.C. § 1361 (stating that federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Associates, P.C.*, 198 F.3d 502, 510 (4th Cir. 1999).

**Conclusion**

For these reasons, DPSCS's Motion to Dismiss [ECF No. 9] will be granted without prejudice to Lee to file an Amended Complaint. A separate Order follows.


Date: March 19, 2014
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE